UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

CHRISTOPHER RASHAWN JONES,

        Petitioner,

v.

JAMES R. SCHIEBNER,

        Respondent.

_____/

Case No. 1:22-cv-1061

Honorable Robert J. Jonker

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough*, 547 U.S. 198, 209 (2006).

After reviewing the petition as required by Rule 4, the Court concluded that the petition appeared to be barred by the one-year statute of limitations. (Op., ECF No. 5.) Nonetheless, the Court permitted Petitioner, by way of an order to show cause entered December 1, 2022, to have

an opportunity to demonstrate why his petition should not be dismissed as untimely. On December 16, 2022, Petitioner filed a response (ECF No. 7) and a supporting affidavit (ECF No. 8). Petitioner's response fails to demonstrate cause for the late filing of his petition; therefore, the Court will dismiss the petition as untimely.

## Discussion

### I. Factual Allegations

Petitioner Christopher Rashawn Jones is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility in Muskegon, Muskegon County, Michigan. On November 22, 2017, following a six-day jury trial in the Macomb County Circuit Court, Petitioner was convicted of armed robbery in violation of Mich. Comp. Laws § 750.529, use of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b, and first-degree felony murder, in violation of Mich. Comp. Laws § 750.316. Additionally, on the first day scheduled for trial, Petitioner entered a guilty plea to a charge of being a felon in possession of a firearm (felon-in-possession), in violation of Mich. Comp. Laws § 750.224f. On January 18, 2018, the court sentenced Petitioner as a third habitual offender, Mich. Comp. Laws § 769.11, to concurrent prison terms of 5 to 10 years for felon-in-possession, 30 to 46 years for armed robbery, and life imprisonment for murder. Those terms were to be served consecutively to a sentence of 2 years for felony-firearm.

On November 9, 2022, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on November 9, 2022. (Pet., ECF No. 1, PageID.11.)

## II.     Statute of Limitations

Petitioner's habeas application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on December 22, 2020. Petitioner did not petition for certiorari to the United States Supreme Court. (*See* Pet., ECF No. 1, PageID.2.) The one-year

3

limitations period, however, did not begin to run until the period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Because the Michigan Supreme Court entered the order denying discretionary review after March 19, 2020, but before July 19, 2021, the period to file a petition for certiorari was 150 days.[1] The 150-day period expired on May 23, 2021.

Petitioner had one year from May 23, 2021, until May 23, 2022, to file his habeas application. Petitioner, in his response, does not contest the Court's determination of the date his judgment became final, the date the period of limitation commenced running under § 2244(d)(1)(A), or the date it expired.

Petitioner filed his application on November 9, 2022. Obviously, to the extent the period of limitation is measured with respect to the date the judgment became final, he filed more than one year after the period of limitations began to run.

Petitioner's response, however, invites the Court to look to a different subsection of § 2244(d)(1) for the appropriate commencement date for the period of limitation. Petitioner argues that the state created an impediment to Petitioner's filing for habeas relief. That argument implicates the limitations period "start" date set forth in § 2244(d)(1)(B). Under that provision, if Petitioner was prevented from filing by unconstitutional state action, the period beings to run when the impediment is removed. The impediment that prevented Petitioner from filing is "the State of Michigan's failure to grant Petitioner access to the [Legal] Writer Program . . . [b]ecause Petitioner

---

[1] *See Rules of the Supreme Court of the United States-Miscellaneous Order addressing the Extension of Filing Deadlines [COVID-19]*, 334 F.R.D. 801 (2020) (extending the period to file a petition for certiorari from 90 days to 150 days for petitions due on or after March 19, 2020); *Miscellaneous Order Rescinding COVID-19 Orders*, 338 F.R.D. 801 (2021) (rescinding the extension for orders denying discretionary review issued on or after July 19, 2021).

has a high school degree . . . ." (Pet'r's Resp., ECF No. 7, PageID.25.) Petitioner claims that state action violates the Constitution because it interferes with his access to the courts guaranteed by the First Amendment.

The MDOC reports that "[t]he Legal Writer Program provides eligible prisoners in Correctional Facilities Administration (CFA) institutions with legal assistance on matters relating to their criminal conviction or conditions of confinement. Only prisoners not represented by counsel who are unable to effectively help themselves by using the law library or other available legal resources are eligible to receive Legal Writer Program services." MDOC Policy Directive 05.03.116 ¶ S (eff. Apr. 5, 2021). The directive indicates that a prisoner is eligible to receive Legal Writer Program services if he or she meets any of the following criteria:

1. Does not have a verified GED or high school diploma.
2. Does not speak, read, or write English.
3. Has a documented physical or mental impairment or a learning disability that may affect their ability to use the law library to prepare and file a legible and coherent pleading.
4. Is undergoing reception center processing.
5. Is housed in any form of segregation other than temporary segregation.
6. Is housed in a Department operated inpatient medical unit.
7. Is housed in protective housing, or other non-traditional general population housing, that does not allow for direct access to legal research materials as approved by the Deputy Director or designee.

*Id.* ¶ T.

Petitioner does not offer any reason that he, specifically, required access to the legal writer program to adequately access the habeas remedies afforded by this Court. Petitioner does not suggest that he is somehow less able to read and understand library material because of some limitation unique to him. Instead he argues, apparently, that inmates who cannot access the legal

5

writer program, cannot meaningfully access the courts. Essentially, Petitioner contends that the State of Michigan's failure to provide legal writers for the prison population is always a violation of the First Amendment right to access the courts.

Petitioner cites no federal authority supporting a constitutional requirement that all prisoners be provided access to a prison legal writer program. The Court concludes, therefore, that Petitioner has failed to show a state-created impediment that violates the Constitution.

Moreover, Petitioner has failed to show that the lack of access to the legal writer program prevented him from timely filing his petition. He claims that he would have been able to timely file if he had been allowed access to the legal writer program. (Pet'r's Aff., ECF No. 8, PageID.32.) It does not appear that Petitioner was ever granted access to the program, yet Petitioner was able to file his petition and he was able to promptly respond to the Court's order to show cause. He apparently filed all of his pleadings in this case without legal writer program assistance. The absence of that assistance, therefore, does not appear to have prevented his filing.

In short, Petitioner has failed to show that the State of Michigan's exclusion of Petitioner from the legal writer program was an impediment to the filing of the instant petition, he has failed to show that the exclusion violated his constitutional rights, and he has failed to show that the exclusion prevented him from filing the petition. The Court concludes, therefore, that the alternative period of limitation provided by 28 U.S.C. § 2244(d)(1)(B) does not apply.

Petitioner suggests alternatively that he is entitled to tolling of the period of limitation. (Pet'r's Resp., ECF No. 7, PageID.27.) There are at least two types of tolling: statutory tolling and equitable tolling.

The running of the statute of limitations is tolled by statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner does not claim that he filed any applications for post-conviction review. (*See* Pet., ECF No. 1, PageID.3.)

The one-year limitations period is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g.*, *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'" (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991))).

Petitioner offers a couple of other considerations: at some point he tested positive for COVID-19 (he does not identify the date), and he claims to suffer "recently . . . from symptoms associated with 'Long COVID' i.e. cogn[i]tive issues/difficulties, memory los[s], brain-fog etc." (Pet'r's Aff., ECF No. 8, PageID.31.) But he does not offer that as an extraordinary circumstance

7

that hindered him during the limitations period; rather, he offers it to explain why it "is very difficult to clearly recall" now what happened before, presumably during the period of limitation. (*Id.*, PageID.31–32.) The Court notes, however, that Petitioner has succeeded in overcoming his recent cognitive difficulties, memory loss, and brain-fog sufficiently to file his petition and respond to the order to show cause. No matter how extraordinary the COVID-19 pandemic or Petitioner's present struggles with long-COVID might be, the Court concludes that Petitioner has failed to demonstrate that he was pursuing his rights diligently or that it was the pandemic or the recent long-COVID symptoms that prevented timely filing of the petition. Accordingly, the Court determines that Petitioner is not entitled to equitable tolling.

Finally, in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327) (addressing actual innocence as an exception to procedural default). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, even if Petitioner baldly claimed that he is actually innocent, he has proffered no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Additionally, at

trial, Petitioner did not claim that he was actually innocent. Instead, he argued that the shot that killed the victim was accidental, such that he was guilty of involuntary manslaughter rather than murder. *People v. Mahaffey*, Nos. 341267, 342112, 2019 WL 7206035, at *13 (Mich. Ct. App. Dec. 26, 2019). Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His petition therefore is time-barred.

### III. Certificate of Appealability

The Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*.

Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

Reasonable jurists could not find it debatable whether Petitioner's application was timely. Petitioner does not contest the Court's recounting of the procedural history and the relevant time periods. Petitioner does not claim that he is actually innocent. Petitioner's only contention is that the state impeded his timely filing of a habeas petition by excluding him from the legal writer

9

program, and he suggests that the impediment might warrant equitable tolling. For the reasons set forth above, the Court concludes that Petitioner's claim is simply wrong. Therefore, a certificate of appealability will be denied. Nonetheless, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Court will enter an order denying a certificate of appealability and judgment denying the petition with prejudice as untimely.

Dated:   January 17, 2023                                    /s/ Robert J. Jonker
                                                             Robert J. Jonker
                                                             United States District Judge